# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDER LOPEZ LOPEZ,<br><br>            Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>            Respondents. | Case No. 1:26-cv-01455-JLT-EPG<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS; DENYING RESPONDENTS' MOTION TO DISMISS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING [1]<br><br>(Docs. 1, 2, 12.) |

## I.    INTRODUCTION

Before the Court for decision is Elder Lopez Lopez's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a motion to dismiss the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 12.) Thus, the Court **GRANTS** the petition for writ of habeas corpus. Furthermore, the Court **DENIES** Respondents' Motion to Dismiss.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Guatemala who has resided in the United States since 2004.

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 10 at 2) Because the Court orders Respondents' to provide a substantive bond hearing to Petitioner, the motion for temporary restraining order (Doc. 2) is **MOOT**.

1    (Doc. 1 at 2.) Over the last 22 years, Petitioner came to live in Miami, Florida, where he lived
2    with his family and raised three U.S. citizen children. (*Id.*) He has no criminal history. (*Id.*) On
3    January 18, 2026, immigration authorities encountered Petitioner at work and arrested him. (*Id.*)
4        On February 19, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28
5    U.S.C. § 2241, asserting that his continued detention violates due process. (Doc. 1.) Respondents
6    oppose the Petition and issuance of preliminary injunctive relief and maintain that Petitioner's
7    detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2).
8    (*See generally* Doc. 12.)

### III.   LEGAL STANDARD

10   The Constitution guarantees that the writ of habeas corpus is "available to every
11   individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)
12   (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the
13   power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or
14   laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens
15   in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*
16   *R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   ANALYSIS

18   Here, Petitioner alleges that he does not have lawful status in the United States, has been
19   residing here for 22 years, was not apprehended upon arrival, and is not detained under 8 U.S.C.
20   § 1226(c), § 1225(b)(1), or § 1231. (*See* Doc. 1 at 5-6.) The Court adopts the reasoning set forth
21   in its prior orders which explain why persons in Petitioner's situation, i.e., those who entered the
22   United States without permission long ago and have resided here for many years without
23   interacting with the immigration system, are not subject to mandatory detention under §
24   1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL
25   494748 at *2 (E.D. Cal. Feb. 23, 2026).
26   In response, Respondents offer little to rebut Petitioner's due process claim and do not
27   provide any justification for detaining Petitioner, arguing only that Petitioner is subject to
28   mandatory detention under 8 U.S.C. § 1225(b)(2). (Doc. 12 at 1-2.) Therefore, the Court finds

that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### V.     CONCLUSION AND ORDER

1. Petitioners' petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

2. The motion for temporary restraining order (Doc. 2) is terminated as **MOOT**.

3. Respondents' motion to dismiss (Doc. 12) is **DENIED**.

4. Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 10 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

5. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioners and close this case.

IT IS SO ORDERED.

Dated:   **March 6, 2026**

UNITED STATES DISTRICT JUDGE